**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4097**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JON DEL BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:05-cr-00551-REP-1)

Submitted: July 29, 2009          Decided: August 17, 2009

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Valencia Roberts-Brower, Assistant Federal Public Defenders, Richmond, Virginia, for Appellant. Dana J. Boente, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Del Baker pled guilty to importing marijuana, in violation of 21 U.S.C. §§ 952, 960 (2006). He received a sentence of eighteen months' imprisonment and four years' supervised release. After Baker repeatedly violated his supervised release, the district court revoked his release, and sentenced him to twenty-four months' imprisonment. Baker filed a timely appeal.

On appeal, Baker contends that his twenty-four month sentence, the statutory maximum, is plainly unreasonable. Baker argues that the district court failed to adequately explain its sentences, failed to promote the purposes of sentencing, and created an unwarranted sentencing disparity among similarly situated defendants.

We will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In

2

applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'"). If we conclude that a sentence is not unreasonable, we will affirm the sentence. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.; see Finley, 531 F.3d at 294.

Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2006 & Supp. 2009), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted). A sentencing court must provide a sufficient explanation of the sentence to allow effective review of its reasonableness on appeal. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (probation revocation). But the court need not "robotically tick through § 3553(a)'s every subsection," or "explicitly discuss every § 3353(a) factor on the record." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (internal quotation marks and citation omitted).

Here, Baker concedes that, because his drug importation offense was a class D felony under 18 U.S.C.

3

§ 3559(a)(4) (2006), the statutory maximum amount of imprisonment upon revocation was two years. 18 U.S.C. § 3583(e)(3). Therefore, Baker was sentenced within the applicable statutory maximum.

Further, we find that Baker's sentence was not plainly unreasonable. The district court indicated that it was concerned with Baker's extensive criminal history, the repeated lenient sentences he received from the court, and the "flagrant nature" of Baker's violations. These statements make it clear that the district judge believed that Baker had not learned from the repeated chances he was given by the court, had little respect for the mandates of the court, and had little desire to obey its orders. Though the judge did not discuss every § 3553(a) factor on the record, such rote recitation is unnecessary to demonstrate adequate consideration of the statutory factors. See Johnson, 445 F.3d at 345.

Baker's argument that the district court's sentencing Baker to the statutory maximum resulted in sentencing disparities has little merit. As the record reflects, Baker violated the conditions of his release on six different occasions in two years. Baker tested positive for marijuana four times. On two other occasions, Baker failed to submit to drug testing as required. These repeated violations indicate a lack of respect for the court and the law. Because there is a

4

limited range of sentencing options available to the court during release revocation hearings it is not surprising that Baker received the same sentence as offenders with other types of violations. Moreover, avoidance of sentencing discrepancy is but one of many factors to be considered by the court when fashioning its sentence.

Accordingly, because Baker's sentence was not unreasonable, much less plainly so, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before the court and argument would not aid the dispositional process.

AFFIRMED